RUA, D.B.A. ROBERT J. RUA & ASSOCIATES, APPELLANT, v. SHILLMAN; BAINBRIDGE TOWNSHIP BOARD OF TRUSTEES, APPELLEE.

(No. 1218 — Decided September 30, 1985.)

*James M. Gillette,* for appellant.
*David B. Shillman,* pro se.
*Forrest W. Burt* and *Robert E. Goff,* for appellee.

FORD, J. Plaintiff-appellant, Robert J. Rua, d.b.a. Robert J. Rua & Associates ("Rua"), appeals the judgment of the Chardon Municipal Court granting defendant-appellee's, Bainbridge Township Board of Trustees', motion for summary judgment. (Defendant David B. Shillman has filed a separate appeal challenging the dismissal of his cross-claim against the board of trustees.[1])

By judgment entry dated January 15, 1980, Terry Carson was ordered removed from his office as a Bainbridge Township Trustee for malfeasance in of-

---

[1]See *Rua* v. *Shillman* (Sept. 30, 1985), Geauga App. No. 1220, unreported.

fice. Pursuant to this judgment, appellee board of trustees enacted a resolution engaging attorney Shillman to appeal the decision and to purchase a transcript of the removal proceedings. Shillman then contacted Rua, who is a Geauga County Court of Common Pleas court reporter, and requested him to prepare the transcript. However, after learning of the board of trustees' action, several taxpayers of Bainbridge Township filed a complaint contesting the validity of the resolution and seeking an injunction to enjoin the board of trustees and Shillman from paying or receiving any public funds in connection with Carson's removal. The court granted the injunction on January 25, 1980, ruling that since the board of trustees had not complied with R.C. 5705.41(D) when it enacted the resolution, any undertaking to expend township funds was illegal, null and void. Shillman then notified Rua to terminate the transcription proceedings; Rua then sent Shillman an invoice for the portion of the transcription completed in the amount of $3,375.75. However, the invoice was never paid and Rua filed this action against Shillman and the board of trustees. Shillman cross-claimed against the board of trustees for any amount found to be due Rua.

On November 16, 1984, the board of trustees filed a motion for summary judgment. By judgment entry dated December 14, 1984, the court granted the motion finding that Rua was precluded from seeking payment for the partial transcription by virtue of the January 25, 1980 judgment. The court concluded that Shillman was ultimately liable to Rua for the costs of the transcript.

Rua's sole assignment of error provides as follows:

"The trial court erred to the prejudice of plaintiff-appellant in granting the motion for summary judgment of appellee Bainbridge Township."

Rua first contends that since he was not a party to the 1980 action between the Bainbridge taxpayers and the board of trustees, he is not bound by that judgment. The argument is without merit.

Ohio's townships are creatures of statute, possessing only the authority granted specifically by statute or necessarily implied therefrom. One of the limitations on a township's authority is contained in R.C. 5705.41(D) which provides, in pertinent part, that no political subdivision may:

" * * * make any contract or give any order involving the expenditure of money unless there is attached thereto a certificate of the fiscal officer of the subdivision that the amount required to meet the obligation * * * has been lawfully appropriated for such purpose and is in the treasury or in the process of collection * * *."

In the instant case, when the board of trustees enacted the resolution authorizing Shillman to order a transcript from Rua, it failed to comply with the certification requirements of R.C. 5705.41(D). Since the requisite compliance was lacking, there was no valid contract between Rua and the board of trustees. Accordingly, the lower court's 1980 judgment, that any undertaking to expend public funds was illegal, null, and void, is equally binding on Rua regardless of whether or not he was a party to the original action. The Ohio Supreme Court has previously discussed the duty placed upon one claiming payment from a political subdivision without a prior certification of funds:

"An occasional hardship may accrue to one who negligently fails to ascertain the authority vested in public agencies with whom he deals. In such instances, the loss should be ascribed to its true cause, the want of vigilance on the part of the sufferer, and statutes designed to protect the public should not be annulled for his benefit. * * * " *McCloud & Geigle*

v. *Columbus* (1896), 54 Ohio St. 439, at 453.

Rua argues, however, that he falls within an exception to the certification requirements of R.C. 5705.41(D) and is, therefore, entitled to recovery on the theory of quasi-contract. The argument is without merit.

When township trustees deal with another public subdivision of government, they may be required to expend funds even though the certification requirements of R.C. 5705.41 have not been followed. *Bd. of Cty. Commrs.* v. *Bd. of Twp. Trustees* (1981), 3 Ohio App. 3d 336. Rua's contention that he falls within this exception is as follows: (1) Geauga County is a political subdivision; (2) Geauga County Court of Common Pleas is within that subdivision; and, (3) he is an official court reporter for that court. As such, Rua concludes that his dealings with appellee trustees, with regard to the transcript, were between two political subdivisions and R.C. 5705.41 is not applicable. However, in our view, Rua's contention contains a number of fatal flaws. First of all, the record does not demonstrate any dealings between Rua and the board of trustees. Rather, Shillman ordered Rua to prepare the transcript and, thereafter, to terminate the proceedings. As a general rule, an attorney is liable for stenographic services ordered by the attorney on behalf of a client, unless there is an express agreement to the contrary. *Gaines Reporting Service* v. *Mack* (1982), 4 Ohio App. 3d 234. Secondly, recovery was permitted in *Bd. of Cty. Commrs.* v. *Bd. of Twp. Trustees, supra,* under a quasi-contractual theory, so that county taxpayers would not be forced to pay for a service which benefitted township taxpayers, merely because the cer-

tification requirements had not been met. In the instant case, Rua is not seeking to recoup funds for the benefit of Geauga County or the court of common pleas. On the contrary, Rua's claim for compensation is made solely for his own benefit. Thus, the underlying facts of this case do not establish a situation in which the certification requirements of R.C. 5705.41 should be excused. We, therefore, conclude that appellant Rua does not fall within the claimed exception and, as such, his assignment of error must necessarily fail.

Accordingly, the judgment of the trial court granting appellee trustees' motion for summary judgment is affirmed.

*Judgment affirmed.*

COOK, J., concurs.

DAHLING, P.J., dissents.

DAHLING, P.J. I dissent in this case for the reasons stated in my dissent in related case No. 1220.[2]

The Bainbridge Township Board of Trustees is relying on a technical argument that funds have not been certified. However, appellant Rua has a valid claim for good faith labor expended. So why haven't the trustees, even at this late date, certified the funds so a legitimate debt can be paid?

In my view, the trustees directed Shillman to order the transcripts. These were for the benefit of the township. The trustees should pay Rua for the transcripts.

The case should be remanded to the trial court with instructions to order the trustees to have the funds certified and paid. Anything less is unjust and inequitable.

---

[2] In that case I stated:
"In my view, the transcript should be paid by Bainbridge Township. The Bainbridge Township Trustees ordered the transcript; Mr. Shillman was simply their in-

termediary. The transcript was for the benefit of Bainbridge Township not for any personal benefit of Mr. Shillman.

"Under no reasonable interpretation of the facts should Mr. Shillman be held liable."