DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellants, B. J. Alan Co., Zoldan Family Ohio Ltd. Partnership, and Phantom Fireworks (collectively "Phantom"), appeal the judgment of the Wayne County Court of Common Pleas, which affirmed the decision of appellee, the Congress Township Board of Zoning Appeals ("BZA"). This Court reverses.
 I. {¶ 2} On July 25, 1994, the Board of Township Trustees of Congress Township adopted a zoning resolution regarding the unincorporated area of the township. Pursuant to the resolution, the township was divided into two districts, *Page 2 
specifically, "A" Agricultural District and "B" Business/Industry District. The township voters approved the resolution in November, 1994, at which time it became effective. Notwithstanding the division of the township into two distinct types of districts, the township zoning inspector Chet Martin testified that all the land in the township falls into the "A" district. Mr. Martin further admitted that, under the current resolution, any property owner who wishes to use property for a business purpose must apply for a use variance.
 {¶ 3} Phantom purchased a 6.815-acre property at the intersection of S.R. 539 and I-71 in the township. Phantom wanted to sell fireworks out of a large state-of-the-art facility it planned to build there. The company was licensed by the state and already selling fireworks in the township out of a smaller, out-dated facility,[1] but wished to relocate to a prime location off the interstate.
 {¶ 4} Phantom applied to the township zoning inspector for a zoning certificate, so it could do business on its purchased land. The zoning inspector refused to issue a zoning certificate because the property is not zoned for business use under the "B" zoning classification. Phantom then appealed to the BZA, seeking either a zoning certificate or a business use variance. The BZA held a hearing on November 20, 2006. At the conclusion of the hearing, the BZA denied *Page 3 
Phantom's request for a zoning certificate and application for a business use variance.
 {¶ 5} Phantom filed an administrative appeal in the Wayne County Court of Common Pleas, generally arguing that the township's zoning resolution is unconstitutional, unlawful, invalid, arbitrary, capricious and unreasonable. In reliance on this Court's decision in CastleManufactured Homes, Inc. v. Tegtmeier (Sept. 29, 1999), 9th Dist. No. 98CA0065, the trial court found that Phantom failed to demonstrate beyond fair debate that the township's zoning resolution is unconstitutional or otherwise invalid. The trial court overruled Phantom's appeal and affirmed the decision of the BZA.
 {¶ 6} Phantom timely appeals, raising five assignments of error for review. This Court addresses only the first assignment of error as it is dispositive of the appeal.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO CONCLUDE THAT THE TOWNSHIP'S ZONING RESOLUTION IS INVALID, UNLAWFUL, AND UNENFORCEABLE AGAINST APPELLANTS BECAUSE IT CREATES A BUSINESS `B' ZONING CLASSIFICATION, BUT FAILS TO DESIGNATE ANY LAND FOR *Page 4 
COMMERCIAL/BUSINESS USE UNDER THE `B' ZONING CLASSIFICATION."
 {¶ 7} Phantom argues that the trial court erred as a matter of law in failing to conclude that the township's zoning resolution is invalid because it creates a business "B" zoning classification but fails to designate any land for business use under the "B" zoning classification. This Court agrees.
 {¶ 8} This matter came to the trial court as an appeal from the BZA's decision pursuant to R.C. Chapter 2506. In such an appeal, the common pleas court considers the whole record to determine whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable or unsupported by the preponderance of substantial, reliable, and probative evidence. South Park, Ltd. v.Council of the City of Avon, 9th Dist. No. 05CA008737, 2006-Ohio-2846, at ¶¶ 5-6. However, "[t]his statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on `questions of law[.]'" Kisil v. Sandusky (1984), 12 Ohio St.3d 30,34, at fn. 4.
 {¶ 9} The Ohio Supreme Court has held that a board of zoning appeals' approval or denial of an application for a variance is presumed to be valid, and the party challenging the board's determination has the burden of showing its invalidity. Consol. Mgt., Inc. v. Cleveland
(1983), 6 Ohio St.3d 238, 240, citing C Miller Chevrolet, Inc. v.Willoughby Hills (1974), 38 Ohio St.2d 298, paragraph two of the syllabus. The Supreme Court further held: *Page 5 
 "A trial court, within an appeal pursuant to R.C. Chapter 2506, and a court of appeals, would accordingly be obliged to affirm the action taken by the board, absent evidence that the board's decision was unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence." Consol. Mgt, Inc. (1983), 6 Ohio St.3d at 240.
 {¶ 10} The BZA argues that this Court is restrained by our generally limited scope of review. Because the trial court premised its determination regarding the validity of the zoning resolution upon its interpretation of law, this Court's standard of review is de novo. SeeNorth Fork Properties v. Bath Twp., 9th Dist. No. 21597, 2004-Ohio-116, at ¶ 9.
 {¶ 11} This Court finds that the trial court erred as a matter of law in affirming the BZA's decision, because the township's zoning resolution is an invalid exercise of the township's authority under R.C.519.02.
 {¶ 12} Townships, as creatures of statute, have only those powers specifically granted to them or necessarily implied therefrom. Rua v.Shillman (1985), 28 Ohio App.3d 63, 64. R.C. 519.02 is the enabling statute which grants townships the authority to regulate by resolution "in accordance with a comprehensive plan, * * * the uses of land for trade, industry, residence, recreation, or other purposes in the unincorporated territory of the township[.]" In the absence of a comprehensive plan, a township zoning resolution is an invalid exercise of the township's authority under R.C. 519.02.
 {¶ 13} Although the Revised Code does not define the term "comprehensive plan," *Page 6 
 "[t]o planners, the terms * * * have a distinct, concrete meaning: they are the local government's textual statement of goals, objectives, and policies accompanied by maps to guide public and private development within its planning jurisdiction. The comprehensive plan is the chief policy instrument for: (1) the administration of zoning and subdivision regulations; (2) the location and classification of streets and thoroughfares; (3) the location and construction of public and semi-public buildings and related community facilities and infrastructure (water, storm and sanitary sewers, gas, etc.); (4) the acquisition and development of public and semi-public properties such as parks and open spaces; and (5) the initiation of new programs, such as those in the areas of housing rehabilitation and economic development, to address pressing community needs.
 "* * *
 "The essential characteristics of a plan are that it is comprehensive, general and long range. `Comprehensive' means that the plan encompasses all geographical parts of the community and integrates all functional elements. `General' means that the plan summarizes policies and proposals and does not, in contrast with a zoning ordinance, provide detailed regulations for building and development. `Long range' means the plan looks beyond the foreground of pressing current issues to the perspective of problems and possibilities ten to twenty years into the future." Stuart Meck and Kenneth Pearlman, Oh. Plan. Zoning L. Section 4:31 (2007).
 {¶ 14} In this case, township trustee William Cletzer testified that he was involved in the drafting of the current zoning resolution. He admitted that the township did not have its own comprehensive plan, when it drafted the resolution. Rather, Mr. Cletzer testified that the trustees looked to the Wayne County comprehensive plan and "molded or formed" the township resolution "based on that plan." The Wayne County comprehensive plan reports submitted as part of the record are from 1977 and note that Congress Township is one of nine *Page 7 
townships in the county which were merely requesting rural zoning at the time. The county comprehensive plan does not set forth goals or recommendations specific to Congress Township. Rather, in regard to commercial development, the county comprehensive plan states, "Often, the most fruitful developments in a community or region are the result of local initiative within a general conceptual plan." No one disputes that Congress Township did not have any general conceptual plan either at the time the resolution was drafted, or today.
 {¶ 15} The Ohio Supreme Court emphasized the requirement set out in R.C. 519.02 that a township board of trustees draft zoning regulations in accordance with a comprehensive plan. See Cassell v. Lexington Twp.Bd of Zoning Appeals (1955), 163 Ohio St. 340, at paragraph one of the syllabus. The high court further held that a zoning resolution has not been properly adopted pursuant to the enabling statute where it fails to delineate which specific areas may be used for specific uses, when the township has established various types of districts.
 {¶ 16} Because the zoning resolution does not regulate the use of unincorporated township land in accordance with a comprehensive plan, the resolution is invalid. This Court finds that the trial court erred as a matter of law by upholding the validity of the zoning resolution on the authority of Castle Manufactured Homes, Inc., merely because the resolution is substantially related to governmental interests. The trial court ignored the requirement of R.C. 519.02 that the township resolution be adopted "in accordance with a comprehensive *Page 8 
plan." The failure of the township to have a comprehensive plan renders the zoning resolution invalid. Phantom's first assignment of error is sustained.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO CONCLUDE THAT THE TOWNSHIP'S ENFORCEMENT OF THE 1994 ZONING RESOLUTION WAS ARBITRARY, CAPRICIOUS, AND UNREASONABLE UNDER R.C. 2506.04."
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO CONCLUDE THAT THE TOWNSHIP'S ZONING RESOLUTION, AS APPLIED TO APPELLANTS, IS UNLAWFUL AND PREEMPTED BY STATE LAW BECAUSE IT WRONGFULLY PROHIBITS THE LAWFUL SALE OF COMMERCIAL FIREWORKS THAT ARE REGULATED AND LICENSED BY THE STATE FIRE MARSHALL UNDER STATE LAW."
 ASSIGNMENT OF ERROR IV "THE TRIAL COURT ERRED AS A MATTER OF LAW IN REJECTING APPELLANTS' LEGAL ARGUMENTS AND IN FINDING THAT THE TOWNSHIP'S ZONING RESOLUTION WAS NOT UNCONSTITUTIONAL, INVALID, AND UNENFORCEABLE UNDER OHIO LAW."
 ASSIGNMENT OF ERROR V "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO REVERSE THE ADMINISTRATIVE ACTIONS OF THE BOARD OF ZONING APPEALS AND THE ZONING INSPECTOR AND IN FAILING TO REMAND WITH INSTRUCTIONS TO ALLOW THE LAWFUL CONSTRUCTION AND OPERATION OF THIS STATE-LICENSED FIREWORKS STORE TO PROCEED IN ACCORDANCE WITH STATE LAW." *Page 9 
 {¶ 17} As this Court's resolution of the first assignment of error is dispositive of the appeal, we decline to address the remaining assignments of error as moot. See App.R. 12(A)(1)(c).
 III. {¶ 18} Phantom's first assignment of error is sustained. This Court declines to address the remaining assignments of error. The judgment of the Wayne County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this *Page 10 
judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellees.
SLABY, P. J. DICKINSON, J. CONCUR
[1] Phantom's fireworks business was established prior to the adoption of the 1994 zoning resolution and its authority to do business within the township was, therefore, "grandfathered." *Page 1