OPINION
{¶ 1} Plaintiff-appellant, Charles E. Hart, appeals a decision of the Madison County Court of Common Pleas in this zoning appeal case.
 {¶ 2} Appellant owns a 75-acre tract ("subject tract") of land zoned for agricultural use in rural Somerford Township. He acquired this tract of land as part of a larger 500-acre *Page 2 
parcel ("mother parcel") in April 1989. The subject tract does not have prime soil for agricultural production. Appellant has attempted to farm it in the past, but was unable to achieve minimum production income without collecting on crop insurance on the land. Currently, significant portions of the mother parcel, including parts of the subject tract, are involved in federal conservation programs. Appellant has received a lump sum payment for a perpetual wetlands easement on 236 acres of the mother parcel, of which 11 acres are on the subject tract. The entire lump sum amounted to $266,000, making slightly over $11,000 of the payment attributable to the subject tract. In addition, appellant has placed 75 acres of the mother parcel in a conservation program through which he will receive payments of approximately $80 per acre over the next ten years. Approximately 21 of those acres are part of the subject tract, resulting in appellant receiving approximately $1,600 per year in rental income from this conservation program. Appellant testified that this income is insufficient to pay the annual taxes and expenses of the subject tract.
 {¶ 3} During the time appellant has owned the mother parcel, the township zoning resolutions regarding establishment of dwellings on lots has gone through a number of changes. When appellant purchased the mother parcel, township zoning resolutions provided that a single-family residence was a conditional use on lots of greater than 20 acres in agricultural zones. Sometime thereafter, a single-family residence became a permitted use on such lots. On May 1, 2002, a new zoning resolution became effective providing that a single-family residence would be conditionally permitted on such lots. Under the resolution, lots of record of greater than 20 acres on that date were limited to a total of two additional conditional uses on the entire mother parcel, regardless of subsequent subdivision. Appellant subdivided and sold two parcels from the mother parcel and conditional use permits were issued to allow single-family residences to be built on them. The resolution provides that no more conditional use permits may be issued to appellant, but that the he may seek rezoning. *Page 3 
 {¶ 4} Appellant has attempted to commit the subject tract to uses within the zoning code. He has attempted to rent the property, but has been unable to secure a tenant. He has attempted to sell the property for productive agricultural or conservation use. He has advertised smaller tracts for sale as farmettes, but has been unable to consummate a sale. He indicates that there is no market for the real estate unless a residence can be built on the property. Appellant solicited an offer from the Ohio Department of Natural Resources in 2003 for his entire mother parcel. The offer he received was $600 per acre, which is less than the amount for which he purchased the property in 1989. He considered this offer to be too low and refused to sell. Appellant wishes to build a single-family residence on the subject tract so that it may be operated as a farmette. In order to do this, appellant must either obtain another conditional use permit or have the property rezoned as a residential district.
 {¶ 5} Appellant appeared before the Madison County Subdivision Review Board, which recommended against rezoning as not in compliance with the Madison County Comprehensive Plan, and referred appellant to the Regional Planning Commission (RPC). Appellant then appeared before the RPC to have the subject tract rezoned to permit a single-family residence. The RPC found that they were likewise bound to follow the Madison County Comprehensive Plan and recommended against rezoning. Appellant then filed an application with the Somerford Township Zoning Commission to have the tract rezoned. Appellant appeared at a meeting of the township trustees, where he was directed to file an application with the Somerford Township Board of Zoning Appeals for a conditional use permit. Appellant filed such an application, which was denied on the basis that the board lacked authority to grant additional permits under the zoning resolution because the mother parcel had already received two conditional use permits, the maximum permitted under the resolution.
 {¶ 6} Appellant appealed the decision of the Board of Zoning Appeals to the Madison *Page 4 
County Court of Common Pleas, arguing that the decision of the board was beyond the authority of Somerford Township; the zoning resolution was unconstitutionally vague because it lacked standards to guide the BZA; the decision of the BZA was unreasonable, arbitary, capricious, and unsupported by the preponderance of substantial, reliable, and probative evidence; and the zoning resolution and the BZA decision were unconstitutional. The common pleas court ruled against appellant on each of these claims. Appellant appeals, raising four assignments of error.
 {¶ 7} Appellant's first assignment of error states:
 {¶ 8} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT HART IN FINDING A ZONING RESTRICTION LIMITS THE NUMBER OF SINGLE-FAMILY RESIDENCES THAT COULD BE PERMITTED ON ANY PROPERTY IN AN AGRICULTURAL ZONING DISTRICT BASED SOLELY UPON THE NUMBER OF LAWFUL SUBDIVISIONS FROM A 20+ ACRE RECORDED LOT OF RECORD AFTER MAY 1, 2002 SUBSTANTIALLY ADVANCES ANY LEGITIMATE STATE INTEREST."
 {¶ 9} Appellant's fourth assignment of error states:
 {¶ 10} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT HART IN FINDING THAT THE SOMERFORD TOWNSHIP ZONING RESOLUTION IS NOT A TAKING OF MR. HART'S PROPERTY."
 {¶ 11} These assignments of error both argue that the common pleas court erred when it determined that the zoning resolution was not unconstitutional. For ease of discussion, we will address these assignments of error together.
 {¶ 12} Zoning ordinances are presumed to be constitutional.Goldberg Cos., Inc. v. Richmond Hts. City Council, 81 Ohio St.3d 207,209, 1998-Ohio-207. In order to prevail on a claim that the zoning resolution is unconstitutional, appellant "must prove unconstitutionality beyond fair debate." Id. A zoning ordinance may be challenged as unconstitutional either on *Page 5 
its face or as applied. Jaylin Investments, Inc. v. Moreland Hills,107 Ohio St.3d 339, 2006-Ohio-4, ¶ 11. In addition, a "landowner may also allege that the ordinance so interferes with the use of the property that, in effect, it constitutes a taking of the property." Id. at ¶ 12. Appellant alleged unconstitutionality under all three theories in the court below and on appeal.
 {¶ 13} We first address whether the zoning resolution is unconstitutional, either facially or as applied. A zoning resolution "is presumed to be constitutional unless determined by a court to be clearly arbitrary and unreasonable and without substantial relation to the public health, safety, morals, or general welfare of the community."Goldberg at syllabus. "In a facial challenge to a zoning ordinance, the challenger alleges that the overall ordinance, on its face, has no rational relationship to a legitimate governmental purpose and it may not constitutionally be applied under any circumstances[,]" whereas in an "as-applied" challenge, "the landowner questions the validity of the ordinance only as it applies to a particular parcel of property. If the ordinance is unconstitutional as applied under those limited circumstances, it nevertheless will continue to be enforced in all other instances." Jaylin at ¶ 11-12. A facial challenge is decided without regard to extrinsic facts. Union Twp. Bd. of Trustees v. Old 74Corp. (2000), 137 Ohio App.3d 289, 295.
 {¶ 14} Appellant does not argue that the common pleas court erred in determining the law to apply to appellant's arguments, or that the court erred in applying the law. Rather, appellant argues that the common pleas court's decisions regarding the constitutionality of the ordinance are against the manifest weight of the evidence. For this reason, this court must affirm the decision of the common pleas court if it is "supported by competent credible evidence going to all the material elements of the case[.]" Cent. Motors Corp. v. Pepper Pike,73 Ohio St.3d 581, 584, 1995-Ohio-289; see State ex rel. Ridge Club v. AmberleyVillage, Hamilton App. No. C-070012, 2007-Ohio-6089, ¶ 8. *Page 6 
 {¶ 15} The common pleas court determined that the zoning resolution limited the number of conditional use permits in order to control the encroachment of residential development and its effects on the agricultural character of the county and townships. The court apparently determined that appellant failed to produce evidence beyond fair debate that the zoning resolution was arbitrary and unreasonable and lacking a substantial relation to the public health, safety, morals, or general welfare of the community. 93 percent of Madison County contains prime soils for farming, and the county has identified farmland preservation as an important goal. Appellant has not presented any evidence that limiting the number of residences to be built on existing parcels of property is arbitrary or unreasonable, and unrelated to the general welfare of the community. As such, the common pleas court's decision is supported by competent credible evidence going to all the elements of the claim that the zoning resolution is unconstitutional on its face.
 {¶ 16} The common pleas court determined that the zoning resolution was also constitutional as applied to appellant's property. The Ohio Supreme Court has instructed that, in an as applied constitutional challenge, "[t]he analysis focuses on the legislative judgment underlying the enactment, as it is applied to the particular property, not the municipality's failure to approve what the owner suggests may be a better use of the property." Jaylin at ¶ 18. In the as applied challenge, the court was required to determine whether appellant had presented evidence that the zoning resolution was arbitrary and unreasonable, and lacked a substantial relation to the general welfare of the community, as it applied to appellant's property.
 {¶ 17} The subject tract undoubtedly contains soil that is not prime. Appellant presented evidence that the soil is unsuitable for row crops. Appellant also presented evidence that the United States Department of Agriculture found his land to be fragile and paid him to put part of the land into a conservation program in order to remove the soil from *Page 7 
production. He presented evidence that livestock farming was impracticable on the subject lot unless a residence could be established because livestock need supervision. He testified that he had attempted to have additional parts of the subject tract put into conservation, but that he was unable to secure an agreement to do so. He also presented evidence that he has sought to no avail to rent or sell acreage for various agricultural uses, but has received no interest. Despite all of this evidence, the common pleas court ruled against appellant, finding that the zoning resolution has as part of its function the protection of other prime farmlands of the county from encroachment by residential development. Taking into consideration this objective, the zoning resolution is not arbitrary or unreasonable, and it is not unrelated to the general welfare of the community. As such, we find that the common pleas court's decision that the zoning resolution is constitutional as applied is supported by competent credible evidence.
 {¶ 18} Appellant has also argued that the zoning resolution constitutes an unconstitutional taking of his property for which he is entitled to compensation. In order to prove an unconstitutional taking, a landowner must show that the zoning "has infringed upon the landowner's rights to the point that there is no economically viable use of the land and, consequently, a taking has occurred for which he or she is entitled to compensation." Goldberg at 210; see, also, State ex rel.Shelly Materials, Inc. v. Clark Cty. Bd. of Commrs., 115 Ohio St.3d 337,2007-Ohio-5022, ¶ 19; Lingle v. Chevron U.S.A. Inc. (2005),544 U.S. 528, 544-45, 125 S.Ct. 2074. Even after determining a zoning resolution to be constitutional, a court is permitted to find that it "nevertheless constitute[s] a taking as applied to a particular piece of property, entitling the landowner to compensation." Goldberg at 210.
 {¶ 19} A zoning regulation has denied all economically viable uses of land where the regulation so "restricts the use of the land as to render it valueless, the permitted uses are not economically feasible, or the regulation permits only uses which are highly improbable or *Page 8 
practically impossible under the circumstances." Valley Auto Lease ofChagrin Falls, Inc. v. Auburn Tp. Bd. of Zoning Appeals (1988),38 Ohio St.3d 184, 186. Appellant has received payments from the USDA for his participation in conservation programs, and has received an offer for the purchase of his real estate. Accordingly, appellant's land cannot be considered valueless. However, appellant may still prove a taking by showing that the permitted uses are not economically feasible, or the uses are highly improbable or practically impossible.
 {¶ 20} As discussed above, appellant presented evidence at length regarding the economic feasibility of row cropping, raising livestock, soil quality, and conservation use of his land. The common pleas court stated that appellant had not addressed the productivity of the subject tract in relation to the several other permitted and conditional uses authorized by the present zoning classification. Specifically, the court noted the availability of conservation uses for appellant's land. Contrary to the common pleas court's opinion, appellant testified that he has tried unsuccessfully to commit additional property from the mother parcel to conservation use. Nonetheless, several of the permitted and conditional uses allowed by the zoning resolution are unrelated to soil quality and topography and were unaddressed by appellant in the case before the common pleas court. Specifically, appellant failed to introduce evidence regarding the economic feasibility or viability of operation of boarding kennels, riding stables, cemeteries, schools, churches, walks and stables, nature trails, greenhouses, equestrian trails, beekeeping, or forest and game management. This court does not speak to the feasibility or viability of any of these activities with respect to appellant's property. However, appellant had the burden of proof regarding the economic viability of the subject tract under the current zoning restrictions.
 {¶ 21} In Ketchel v. Bainbridge Tp. (1990), 52 Ohio St.3d 239, 245, the Ohio Supreme court stated, "Appellees and the courts below concluded that appellants did not meet their burden of proof because they did not show that all possible uses were economically *Page 9 
infeasible. We agree. A party challenging a zoning ordinance has, at all stages of the proceedings, the burden of showing the unconstitutionality or unreasonableness of the ordinance."
 {¶ 22} This court has on several occasions required a similar showing. See Auxier Trucking v. Tate Tp. Bd. of Trustees, Clermont App. No. CA2001-01-012, 2001-Ohio-8631, 2001 WL 1652078, at *4; MDJ Properties,Inc. v. Union Tp. Bd. of Trustees (Mar. 27, 2000), Clermont App. Nos. CA99-02-013, CA99-02-019, 2000 WL 313502, at *9. Appellant presented no evidence with regard to the economic feasibility of the other permitted and conditional uses, or of the economic viability of the land with respect to those uses. The court below did not err because its determination that appellant failed to meet his burden of proof is supported by competent and credible evidence in the record.
 {¶ 23} In addition to his other constitutional arguments, appellant argues that his rights to equal protection under the United States and Ohio Constitutions have been violated because "the class created by the township (parcels of record) bears no rational relationship to any government interest and disproportionately burdens the owners of large lots of record." The common pleas court noted that appellant had failed to present an argument cognizable under the equal protection clause because he had not argued that similarly situated owners of land were treated differently. Rather, appellant's argument states that the zoning resolution is unduly burdensome because it treats appellant the sameas other land owners — landowners with parcels smaller than his. Each landowner is equally restricted to two conditional use permits without respect to the size of the parcel. All landowners are treated exactly the same under the resolution. We agree with the lower court. Appellant has failed to articulate any classification that this court could analyze under an equal protection theory. As the Ohio Supreme Court instructs, "[W]here there is no classification, there is no discrimination which would offend the Equal Protection Clauses of either the United States or *Page 10 
Ohio Constitutions." Conley v. Shearer (1992), 64 Ohio St.3d 284,290-91, citing Krause v. State (1972), 31 Ohio St.2d 132, 144;Commonwealth v. Purdy (1990), 408 Mass. 681, 685.
 {¶ 24} For the foregoing reasons, appellant's first and fourth assignments of error as to the constitutionality of the zoning ordinance are overruled.
 {¶ 25} Appellant's second assignment of error states:
 {¶ 26} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT HART IN FINDING THE SOMERFORD TOWNSHIP ZONING RESOLUTION WAS WITHIN THE LIMITED STATUTORY ZONING AUTHORITY OF SOMERFORD TOWNSHIP."
 {¶ 27} Appellant argues two issues under his second assignment of error. First, appellant argues that the zoning resolution unlawfully restricts subdivision of property, which is not within the statutory zoning authority of the township granted under R.C. 519.02(A). Appellant also argues that the zoning resolution is not uniform, in violation of R.C. 519.02(A). The common pleas court's decision related to each of these issues is premised on its interpretation of law. As such, this court reviews the decision de novo. B.J. Alan Co. v. Congress Tp. Bd. ofZoning Appeals, Wayne App. No. 07CA0051, 2007-Ohio-7023, ¶ 10-12.
 {¶ 28} We find both of appellant's arguments to be without merit. R.C.519.02(A) provides, in relevant part:
 {¶ 29} "Except as otherwise provided in this section, in the interest of the public health and safety, the board of township trustees may regulate by resolution, in accordance with a comprehensive plan, * * * buildings and other structures, * * * percentages of lot areas that may be occupied, set back building lines, sizes of yards, courts, and other open spaces, the density of population, the uses of buildings and other structures, * * *, and the uses of land for trade, industry, residence, recreation, or other purposes in the unincorporated territory of the township. * * * All such regulations shall be uniform for each class or kind of building or other structure or use throughout any district or zone, but the regulations in one district or *Page 11 
zone may differ from those in other districts or zones."
 {¶ 30} Appellant argues as his first issue that the township does not have the authority to regulate subdivision because that authority is reserved to the county. Appellant also argues that the Somerford Township Trustees have inappropriately regulated subdivision of property under the zoning resolution. Although some of the subject matter of the zoning resolution may deal with issues discussed in the definition of subdivision provided under R.C. 711.001, those functions are not immediately removed from the statutory zoning authority of the township granted under R.C. 519.02(A). That provision permits townships to regulate through zoning the population density, percentage of lot areas that may be occupied, uses of lands, and uses of buildings within the township. The zoning resolution at issue in this case represents Somerford Township's attempt to regulate these matters, in accordance with its statutory authority and in compliance with the county's comprehensive land use plan.
 {¶ 31} Appellant argues as his second issue that the zoning resolution is not uniform. R.C. 519.02(A) requires that a zoning provision be "uniform for each * * * use throughout any district * * *." Appellant argues that the zoning resolution is not uniform because it contains two disparate standards for special use permits for single-family residences. First, appellant cites Somerford Township Zoning Resolution (STZR) 7.04(a), which permits as a conditional use within an agricultural zone a "Single Family Residence" but requires that such use be limited to "one (1) dwelling per parcel, lot or tract." Appellant then cites STZR 7.04(o), which limits an owner of a parcel of agriculturally zoned real estate of greater than 20 acres to only two conditional use permits for the single-family residences permitted under STZR 7.04(a). The development standards provided in STZR 7.04(o) permit smaller lot sizes than are required under the development standards of STZR 7.04(a), which permit a dwelling only on a parcel of at least 20 acres.
 {¶ 32} Appellant argues that an interpretation of this zoning resolution allowing no *Page 12 
more than two conditional use permits for single-family residences is strained because, under this interpretation, STZR 7.04(a) applies only to lots of exactly 20 acres, whereas all other lots would be governed by STZR 7.04(o) and the more lenient development standards of a residential district. Appellant argues that a more logical interpretation would be that STZR 7.04(o) is an exception to the 20-acre minimum requirement only for lot splits of less than 20 acres from a large parent tract, but that lots splits of greater than 20 acres from a large parent tract would be governed by 7.04(a), and an unlimited number of compliant conditional uses (i.e., tracts greater than 20 acres) should be permitted. We agree with appellant that, in a vacuum, this is one logical interpretation of the resolution. However, STZR 7.04(o) specifically states, "It is the intent of this County to consider granting two (2) dwelling house Conditional Use Permits for each parcel of real estate over 20.001 acres as the recorded lot of record of May 1, 2002. Any further residential uses shall require a zoning amendment and comply with the subdivision regulations of this County." Appellant's interpretation is specifically negated by the plain language of the resolution. Furthermore, appellant's interpretation of the resolution does not comport with the comprehensive land use plan in any way. Permitting an unlimited number of 20-acre lots to be subdivided from a parent parcel would allow the uncontrolled proliferation of residential building in the county and could potentially result in a serious insult to the county's farmland preservation efforts.
 {¶ 33} We find it unnecessary to resort to appellant's interpretation of the resolution to make sense of the zoning resolutions. It is not true that only parcels of exactly 20 acres are governed by STZR 7.04(a). Rather, all agricultural property is subject to its basic tenet, which is that only one dwelling house may be established on any parcel, tract, or lot. The Madison County Building and Zoning Administrator testified that such an interpretation was in accordance with the purpose of that provision in the resolution. Further, any parcel that was 20 acres or smaller as of May 1, 2002 is subject to its development standards. Admittedly, *Page 13 
this results in a situation where only a parcel of exactly 20 acres will be subject to the building standard requiring a minimum 20-acre lot. All larger parcels will be permitted to obtain two conditional use permits for dwellings under STZR 7.04(o) and will be subject to the more lenient residential development standards provided for therein.
 {¶ 34} The zoning resolutions read as a whole create a development scheme authorizing establishment of dwellings on the basis of the size of the parent lot and the proposed building parcel. Although the zoning resolutions create a complex and difficult to navigate development scheme, it is nonetheless uniform as to landowners. All landowners with a similar parcel size are treated exactly the same. While we are sympathetic to appellant's feeling that owners of larger parcels are required to bear a significantly larger burden, this does not necessitate a finding that the resolution is not uniform. Appellant's arguments are not well-taken.
 {¶ 35} For the foregoing reasons, appellant's second assignment of error is overruled.
 {¶ 36} Appellant's third assignment of error states:
 {¶ 37} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT HART IN FINDING THE SUMERFORD TOWNSHIP BOARD OF ZONING APPEALS HAD NO AUTHORITY TO GRANT APPELLANT HART A CONDITIONAL USE PERMIT FOR ONE (1) SINGLE-FAMILY RESIDENCE ON A 75 ACRE PARCEL IN AN AGRICULTURAL ZONING DISTRICT IN SOMERFORD TOWNSHIP."
 {¶ 38} The zoning resolution provides that the mother parcel may receive no more than two conditional use permits, after which rezoning must occur before any additional residences may be built on the property. Ohio law is clear on the issue. A "board's power to issue such a [permit] is no greater than that vested in it by the township zoning resolution." Gerzeny v. Richfield Tp. (1980), 62 Ohio St.2d 339, 342. Accordingly, the common pleas court did not err when it determined that the BZA had no authority to grant an additional *Page 14 
conditional use permit. Appellant's third assignment of error is overruled.
 {¶ 39} Judgment affirmed.
 YOUNG, P.J., and POWELL, J., concur. *Page 1